UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
    -v-                             :
                                    :       11-cr-134
CHAIM LEBOVITS ET AL.,              :
            Defendants.             :
                                    :
---------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT YUDAH NEUMAN'S MOTION TO SUPPRESS EVIDENCE DERIVED FROM SEIZED EMAILS

David Spears
Michelle Skinner
Spears & Imes LLP
51 Madison Avenue
New York, New York 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849

*Attorneys for Defendant Yudah Neuman*

October 14, 2011
New York, NY

# **TABLE OF CONTENTS**

Table of Authorities……………………………………………………………………………….ii

I.       Background…………………………………………………………………………..1

II.      The Government Failed To Establish Probable Cause
        Sufficient To Issue The Warrants……………………………………………………...2

III.     The Warrants Were Fatally Overbroad………………………………………………5

IV.     Conclusion…………………………………………………………………………...6

## **TABLE OF AUTHORITIES**

**Cases**

*Franks v. Delaware*
    438 U.S. 154 ……………………………………………………………………. 3

*United States v. Cioffi*
    668 F. Supp. 2d 385 (E.D.N.Y. 2009) ………………………………………….. 5

*United States v. Cohan*
    628 F. Supp. 2d 355 (E.D.N.Y. 2009) ………………………………….…...… 5

*United States v. George*
    975 F.2d 72 (2d Cir. 1992) …………………………………………………...…5

*United States v. Martin*
    426 F.3d 68 (2d Cir. 2005) ……………………………………………………. 4

*United States v. Vilar*
    No. S305CR621KMK, 2007 WL 1075041 (S.D.N.Y. Apr. 4, 2007) ..……………………. 5

*Walczyk v. Rio*
    496 F.3d 139 (2d Cir. 2007)…………………………………………………….3

**Statute**

18 U.S.C. § 2510 ……………………………………………………..……………….. 1

Defendant Yudah Neuman hereby joins the motions filed today by his co-defendants in this matter and respectfully requests any relief that may be afforded him pursuant to those motions, as an aggrieved person under 18 U.S.C. § 2510(11) or otherwise.  In addition, Mr. Neuman respectfully moves to suppress email data seized by the government based on the Affidavit of Sheldon Tang dated April 30, 2010, as well as any evidence derived therefrom, on the ground that the evidence was obtained in violation of the Fourth Amendment.

**I.     Background**

On April 30, 2010, Magistrate Judge Azrack issued search warrants authorizing the IRS to search for and seize specified items from email accounts subscribed to by Mr. Neuman through the web-based electronic mail service providers WebHostingPad.com, GoDaddy.com, and Google Inc.  The warrants authorized the IRS to seize from those providers the following content and information related to Mr. Neuman's accounts:

a. All stored electronic mail and other stored content information presently contained in [the accounts];

b. All histories, profiles and "buddy lists" and/or "Friends lists" (including electronic mail addresses, screen names and/or IDIS and other information stored) associated with [the accounts];

c. All existing printouts from original storage of all of the electronic mail described above in [section (a)];

d. All transactional information of all activity of [the accounts], including log files, dates, times, methods of connecting, ports, dial-ups, and/or locations;

e. All business records and subscriber information, in any form kept, pertaining to the accounts], including applications, subscribers' full names, all screen names associated with the subscribers and/or accounts, all account names associated with the subscribers, methods of payment, telephone numbers, addresses, and detailed billing records;

f. All records indicating the services available to subscribers of [the accounts];

> g. All emails, including any attachments, sent by or received by [the accounts], whether saved or deleted, whether contained in the email accounts or in a customized "folder";
>
> h. All instant messenger messages, calendar items, screen names, member profiles, contacts, buddy lists and the content of any [service provider-specific] online account features [related to the accounts]; and
>
> i. All web-pages, including any associated links, that were created or maintained by the user(s) of [the accounts].

Declaration of Michelle Skinner in Support of Yudah Neuman's Motion to Suppress ("Skinner Decl."), Ex. B, at 3-4. At the government's request, Magistrate Judge Azrack also issued an order prohibiting the service providers from giving notice to Mr. Neuman that his account information was being seized.[1]

The government's search warrant application was supported by the sworn affidavit of IRS Special Agent Sheldon Tang (the "Tang Affidavit"). *See* Skinner Decl., Ex. A. As discussed below, this affidavit contained deliberately or recklessly false statements and material omissions, without which the affidavit was insufficient to establish probable cause. Moreover – and separately – the expansiveness of information requested in the search warrants was unjustified in these circumstances and rendered them fatally overbroad. Accordingly, the emails and other data seized pursuant to the search warrants and all evidence derived therefrom should be suppressed.

## II.  The Government Failed To Establish Probable Cause Sufficient To Issue The Warrants

The Fourth Amendment prohibits "unreasonable searches and seizures," and requires that "no warrants shall issue, but upon probable cause, supported by Oath." U.S. Const. amend. IV.

---

[1] A supplemental warrant was issued by Magistrate Judge Reyes on May 4, 2010 to correct a typographical error the government had made in Mr. Neuman's email address. Other than the corrected email address, the warrant differed in no material way from the warrant issued by Magistrate Judge Azrack.

2

The Tang Affidavit fell woefully short of this constitutional requirement. As described in detail in Co-Defendant Moses Neuman's Motion to Suppress, the affidavit proffered by the government in seeking a wiretap in this case was rife with "deliberately or recklessly false statement[s]" and material omissions. *Franks v. Delaware*, 438 U.S. 154, 165 (1978). Many of these same misstatements and omissions were repeated in, and compounded by, the Tang Affidavit. Specifically, and as supported by the explanation in Moses Neuman's Motion to Suppress at 5-16, the Tang Affidavit:

(1) created the false impression that any investment in a STOLI policy was illegal, thus making it seem as if Neuman's mere payments for policy premiums were evidence of criminality, s*ee* Tang Affidavit at at 24 (asserting that Mr. Neuman had "no legitimate reason" to be communicating about the resale of life insurance policies); *id.* at 28 (Mr. Neuman had "no legitimate reason to be involved with life insurance policies");

(2) omitted the dates that insurance applications were submitted and money was transferred, thus creating the misimpression that the submission of false applications to insurance companies and money laundering were ongoing and would continue into the future, *see, e.g., id.* at 20-22; and

(3) created the false impression that Neuman was involved in a scheme to create fake doctor's reports that were to be provided to insurance companies, *see id.* at 17-18.

When the false and misleading statements are stripped from the Tang Affidavit, the remaining allegations, taken together, did not constitute probable cause to seize Mr. Neuman's email data because they did not establish that it was more likely than not that he was involved in illegal activity. *See Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) (probable cause requires "such

facts as make wrongdoing or the discovery of evidence thereof probable," not just the "mere suspicion" of wrongdoing).

Moreover, the warrants suffered from a separate fatal flaw. To support the issuance of a search warrant, an affidavit must establish a "fair probability that contraband or evidence of a crime will be found *in a particular place.*" *United States v. Martin*, 426 F.3d 68, 76 (2d Cir. 2005) (emphasis added). Here, there were insufficient allegations that Mr. Neuman used the implicated email accounts to conduct criminal activity. The Tang Affidavit cites only two emails sent from lenny@adelphiadiabetic.com, neither of which contained any text. *See* Tang Affidavit at 29 (citing an email Mr. Neuman forwarded) and 30 (asserting that Mr. Neuman "sent an email with an attachment [an apparently blank HIPAA form]"). To support the wholesale seizure of Mr. Neuman's lenny@adelphiasupply.com account, the government again offered only two emails sent from that address – each of which attached the same blank insurance form. *See id.* at 32. As for the kupshtik@gmail.com account, the government cites a total of six outgoing emails sent in December 2009 or January 2010. *See id.* at 38-42. These emails, sent long after the allegedly fraudulent policies were issued, were by the government's own theory related to the *resale* of policies. *See id.* at 39. As explained thoroughly in the motions of Mr. Neuman's co-defendants, reselling insurance policies did not constitute criminal activity.

In sum, the Tang Affidavit contained multiple material misrepresentations and omissions that were at the heart of the government's assertions of probable cause. Stripped of those misrepresentations and omissions, the affidavit contained insufficient allegations that Mr. Neuman was involved in any criminal activity. Moreover, the scant allegations concerning the alleged criminal use of the implicated email accounts – two of which are on their face clearly related to a separate medical supply business – did not support a wholesale seizure of all of their

4

contents. The Tang Affidavit lacked probable cause sufficient to support the search warrant issued, and the email data should therefore be suppressed.

### III.  The Warrants Were Fatally Overbroad

A search warrant violates the Fourth Amendment if it gives "so vague a description of the material sought as to impose no meaningful boundaries." *United States v. Cohan*, 628 F. Supp. 2d 355, 359 (E.D.N.Y. 2009). This is because if a warrant does not identify the items to be seized with reasonable certainty, "there is no assurance that the permitted invasion of a suspect's privacy and property are no more than absolutely necessary." *United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992). Where computer data is involved, the risk of invasion of privacy is particularly heightened, because computers "often contain significant intermingling of relevant documents with documents that the government has no probable cause to seize." *United States v. Vilar*, No. S305CR621KMK, 2007 WL 1075041, at *35 (S.D.N.Y. Apr. 4, 2007).

Here, the warrants sent to the service providers in no way limited the items to be seized to evidence of the crimes charged in the indictment. Rather, the only reference to any criminal activity in the warrant is the terse citation of the mail and wire fraud statutes found in the "Minimization" portion of the attached schedule. *See, e.g.*, Ex. B at 4. Service provider personnel could not possibly be expected to limit the collection and production of data based on incidental citations of statutes whose content is constantly being refined by case law. *See United States v. Cioffi*, 668 F. Supp. 2d 385, 392 (E.D.N.Y. 2009).

That the affidavit supporting the warrant described alleged criminal activity in more detail does not save the warrant itself from overstepping constitutional boundaries. "Resort to an affidavit to remedy a warrant's lack of particularity is only available when it is incorporated by reference in the warrant itself and attached to it." *George*, 975 F.2d at 76. Here, the affidavit

5

supporting the government's application describes alleged criminal conduct in some detail, but there is no indication that the affidavit was attached to the search warrant when it was sent to the service providers.  The email evidence seized pursuant to the hopelessly overbroad April 30, 2010 search warrants – and any evidence derived therefrom – should be suppressed.

## IV.    Conclusion

For the reasons stated above, defendant Yudah Neuman moves this Court to suppress the evidence obtained from the April 30, 2010 search warrants in this matter.

Dated:  New York, New York
        October 14, 2011

                                          Respectfully submitted,

                                          SPEARS & IMES LLP


                                           /s/ Michelle Skinner
                                          David Spears
                                          Michelle Skinner
                                          51 Madison Avenue
                                          New York, New York  10010

                                          *Attorneys for Defendant Yudah Neuman*

6